# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., | Case Number: 3:15-cv-01045 |
| Plaintiff, | Hon. Jack Zouhary |
| v. | |
| J&M MFG. CO., INC., | |
| Defendant. | |

## AMENDED STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action may necessarily involve the disclosure of trade secrets or confidential research, development, manufacturing, financial, process, marketing, business or other commercial information of one or more parties and of non-parties from whom such discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

1. **Scope of Protection.**

1.1 This Protective Order shall govern any information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2 This Protective Order shall also govern any information produced in this action pursuant to required disclosures under any federal procedural rule or Northern District of Ohio local rule, and any supplementary disclosures thereto.

1.3 This Protective Order shall apply to the parties and any third party from whom discovery may be sought and who desires the protection of this Protective Order.

2. **Designations of Protected Information.**

2.1 Each party or third party shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to this Protective Order any information, document, testimony, or other discovery material in this action that contains, reflects, or otherwise discloses confidential technical, business or financial information, including without limitation proprietary manufacturing information, trade secrets, research and development information or competitively sensitive commercial or financial information (referred to as "Protected Information"). To the extent Protected Information is marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," such material may be revealed to or used by limited categories of individuals, as provided for in ¶¶ 4.1 and 4.2, respectively, and shall not be communicated in any manner, either

directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Protected Information, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.2 "CONFIDENTIAL" material includes any information, document, testimony or other discovery material that contains confidential, proprietary, trade secret, and/or commercially sensitive information that a party would not normally reveal to others or if disclosed, would require others to maintain in confidence.

2.3 "HIGHLY CONFIDENTIAL" material includes any information, document, testimony, or other discovery material that contains particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

2.4 Each such document or portion thereof, or thing, shall be clearly marked or stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such legend shall be placed on every page of a multi-page document. Such legend need not be placed on the original document of the producing party, but may instead be

placed upon copies produced or exchanged.  All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by informing the receiving party in writing, and/or by so labeling the media on which the information is produced.

### 3. Limit on Use and Disclosure of Designated Information.

3.1     Each party and all persons bound by the terms of this Protective Order shall use any Protected Information only in connection with the prosecution or defense of this action and any appeal thereof and shall not use any Protected Information for any other purpose including, without limitation, any business, commercial, competitive, regulatory, personal or other purpose, patent prosecution, a basis for judicial or administrative action, or communication with any government agency, except by consent of the parties or order of the Court.  Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

3.2     It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Protected Information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the producing party.

3.3     The attorneys of record for the parties and other persons receiving Protected Information governed by this Protective Order shall exercise reasonable care to ensure that the Protected Information governed by this Protective Order is (a) used

only for the purposes specified herein, and (b) disclosed only to individuals as provided for in ¶¶ 4.1 and 4.2.

4. **Disclosure of Protected Information.**

    4.1    Except as provided in ¶¶ 10, 12, and 16, documents or information designated "CONFIDENTIAL" may be disclosed by the recipient thereof, on a need-to-know basis, only to:

    (a)    outside trial counsel or outside attorneys of record for the parties, including such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff, who are engaged in assisting with this action;

    (b)    the Court and Court personnel;

    (c)    experts or consultants and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 5, who are not employees or otherwise affiliated with either of the parties or their attorneys, and who first agree to be bound by the terms of this Protective Order;

    (d)    court reporters, videographers, and their respective staffs employed in connection with this action;

    (e)    vendors specifically retained to assist the parties' outside trial counsel or outside attorneys with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel);

    (f)    mock jurors and/or judges engaged in preparation for trial, provided they acknowledge that the information they are shown shall be kept confidential;

    (g)  one (1) officer or employee of the party receiving the information, as well as his or her secretary and staff, to whom disclosure is reasonably necessary for this litigation (for plaintiff: Dan Fanger, for defendant: James Wood); and

    (h)  any other person with the prior written consent of the producing party.

  4.2  Except as provided in ¶¶ 10, 12, and 16, documents or information designated "HIGHLY CONFIDENTIAL" may be disclosed by the recipient thereof, on a need-to-know basis, only to persons identified in ¶ 4.1(a)-(f) and (h).

  **5.  Identification of Experts.**

  5.1  If any party desires to disclose Protected Information to any expert or consultant pursuant to ¶¶ 4.1(c) and/or 4.2 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Any party that fails to object within ten (10) business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert or consultant for purposes of ¶¶ 4.1(c) and/or 4.2. No Protected Information may be disclosed to any proposed expert or consultant until such time as the parties have expressly agreed or are deemed to have agreed upon disclosure to the expert or consultant for purposes of ¶¶ 4.1(c) and/or 4.2 pursuant to the provisions of ¶¶ 5.1, 5.2 or 5.3.

  5.2  The identification of an expert or consultant pursuant to ¶ 5.1 shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, any prior or current employments or

consultancies for any party or other company in the agricultural machinery industry within the last five years, including a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years.

    5.3 The parties shall attempt to resolve any objections to the identification of an expert or consultant pursuant to ¶ 5.1 informally.  If the objections cannot be resolved, the party opposing disclosure of the Protected Information to the expert or consultant may move the Court for an Order prohibiting the disclosure or otherwise raise the issue with the Court.  If a motion is filed or the issue is otherwise raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this case.  Any party that fails to file such a motion or otherwise raise such an issue with the Court within ten (10) business days of notifying a party of an objection to disclosure under ¶ 5.1 shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶¶ 4.1(c) and/or 4.2.

  **6.** **Agreement of Confidentiality.**

    In no event shall any Protected Information be disclosed to any person authorized pursuant to ¶ 4.l(c), (f) or (g), or ¶ 4.2 (to the extent it incorporates ¶ 4.1(c), (f) and (g)), until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

7. **Related Documents.**

The restrictions contained herein to the use of Protected Information shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 8; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 9.

8. **Designation of Deposition Transcripts.**

8.1  Portions of deposition transcripts containing Protected Information may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice of the Protected Information within thirty (30) days following receipt of the official transcripts of the deposition to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2  All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, "HIGHLY CONFIDENTIAL" for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to ¶ 4.2.

8.3     The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony that the designating party designates "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶¶ 4.1 or 4.2, respectively.

9.     **Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Protected Information, counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Whenever Protected Information is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person to whom disclosure is not permitted under ¶¶ 4.1 or 4.2, respectively.

10.     **Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing Protected Information to any person who appears on the face of the document to have drafted, prepared, executed, or received the document, or any person who is reasonably likely to have had prior legal access to the document or the information contained therein. In addition,

(a)     Present employees of a party and/or employees of a third party may be examined as witnesses at depositions and trial and may testify concerning all

Protected Information produced or designated by that party, or that third party, respectively; and

(b) Former employees of a party and/or former employees of a third party may be examined as witnesses at depositions and trial and may testify concerning all Protected Information produced or designated by that party or that third party, respectively, but only the extent that the examination and testimony pertains to the period(s) during which the former employee(s) were employed by that party or that third party, respectively.

**11. Confidentiality of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information became public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**12. Other Protections.**

Any party may mark any document or thing containing Protected Information as an exhibit to a deposition, hearing or other proceeding and use such exhibit in the examination of a witness, provided the witness is authorized under ¶¶ 4.1 and/or 4.2 (whichever is applicable) of this Protective Order to have access to the Protected Information.

**13. Challenge to Confidentiality.**

13.1 This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of Protected Information otherwise prohibited by this Protective Order, and/or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

13.2 On any challenge to the designation of any information under ¶ 13.1(a) above, the burden of proof shall lie with the producing party to establish that the information is, in fact, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. If a party seeks declassification, removal or downgrading of the confidentiality designation of particular items on the ground that such designation is not necessary to protect the interests of the designating party, the following procedure shall be utilized:

(a) The party seeking such declassification, removal or downgrading shall give counsel for the producing party written notice thereof specifying the reasons for the challenge; and

(b) If, after conferring, the parties cannot reach agreement concerning the matter within seven (7) business days after the delivery and receipt of the notice,

11

then the party challenging the designation may file a motion or otherwise raise the issue with the Court.

### 14. Inadvertent Failure to Designate.

14.1 No party shall be responsible to another for any use made of information produced or disclosed hereunder and not identified or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." However, a producing party that inadvertently fails to designate any information, document, testimony or other discovery material pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Protective Order.

14.2 Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder be disclosed through inadvertence to any person or third party not entitled to receive it, as set forth in ¶¶ 4.1 and/or 4.2 (whichever is applicable) of this Protective Order, then the parties intend to have such person or third party be automatically bound by this Protective Order, and such person or third party shall be informed promptly of the provisions of this Protective Order by the party who made the inadvertent disclosure and shall sign the Confidentiality Undertaking in accordance with ¶ 6 above. The parties shall exercise all reasonable efforts to retrieve any such document or information inadvertently disclosed.

### 15. Inadvertent Production or Disclosure of Privileged Materials.

Pursuant to Federal Rule of Evidence 502(b), the inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client

privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure promptly sends to each receiving party a written request for return or destruction of the inadvertently produced or disclosed document or thing specifying the type of privilege or protection asserted. Immediately upon receiving such a request, the receiving party shall not utilize the information contained in such documents or things for any purpose, and shall within ten (10) days of receiving such a request destroy or return to the party who made the inadvertent production or disclosure all such documents and things identified in the written request as being privileged or work-product and as having been inadvertently produced or disclosed.

(a) If the receiving party wishes to contest that any such document or thing was inadvertently produced or disclosed or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the party who made the inadvertent production or disclosure in writing on or before the date when the document or thing is destroyed or returned thereto.

(b) Within ten (10) days after receiving such notification, the party who made the inadvertent production or disclosure shall provide to the receiving party for each such document or thing a description consistent with Fed. R. Civ. P. 26(b)(5)(A)(ii) of the basis for the claim of privilege or immunity.

(c) Within ten (10) days after receiving such description, the receiving party may file a motion to compel production of such documents and things (the protection of which is still disputed) or may otherwise raise the issue with the Court. If such a motion is filed or the issue is otherwise raised with the Court, the party who

made the inadvertent production or disclosure shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

(d) With respect to documents and things generated by a receiving party subsequent to the inadvertent disclosure, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

16. **Prior or Public Knowledge.**

This Protective Order shall not apply to information that:

(a) is or was available to the public other than by an act or omission of the recipient in violation of this Protective Order;

(b) is or was acquired by the recipient from a source not subject to this Protective Order; or

(c) is or was disclosed to a third party without restriction by the producing party.

17. **Limitation of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from this Court as may be appropriate under the Federal Rules of Civil Procedure.

18. **Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who is subject to a subpoena, motion or court order in another case to disclose information that is designated by another party in this case as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall promptly notify that other party of the subpoena, motion or court order so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19. **Third Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information by the third party to the discovering party, are applicable to Protected Information provided by a third party. Information provided by a third party in connection with this action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

20. **Return or Destruction of Designated Information.**

Within sixty (60) days following final termination of this action, by judgment, settlement or otherwise from which no appeal can be brought, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or destroy and certify destruction of, all materials containing information designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL," including all copies, extracts and summaries thereof, to the producing party, except that

15

each party's outside counsel shall have the right to retain one archive copy of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses, as well as any documents constituting work product.

### 21. Waiver or Termination of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

### 22. Modification of Order; Prior Agreements.

22.1 This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

22.2 The Court retains jurisdiction even after the termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

### 23. Section Captions.

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

**24. Days.**

All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

SO ORDERED this   22nd   day of July, 2015.

                                             **/s/ Jack Zouhary**
                                             The Honorable Jack Zouhary

APPROVED BY:

| | |
|---|---|
| */s/ Derek F. Dahlgren* | */s/ Lisa M.A. Nolan* |
| Joseph A. Hynds (admitted pro hac vice) | J. Robert Chambers (admitted pro hac vice) |
| Jenny L. Colgate (admitted pro hac vice) | Lisa M.A. Nolan (admitted pro hac vice) |
| Derek F. Dahlgren (admitted pro hac vice) | WOOD, HERRON & EVANS, LLP |
| ROTHWELL, FIGG, ERNST & MANBECK | 2700 Carew Tower |
| 607 14th Street, NW, Suite 800 | 441 Vine Street |
| Washington, DC  20005 | Cincinnati, Ohio  45202 |
| Telephone:  (202) 783-6040 | Telephone:  (513) 241-2324 |
| Facsimile:  (202) 783-6031 | Facsimile:  (513) 241-7269 |
| ddahlgren@rfem.com | bchambers@whepatent.com |
| jcolgate@rothwellfigg.com | lnolan@whe-law.com |
| jhynds@rothwellfigg.com | |
| | Joseph W. Tucker (0087951) |
| */s/ James P. Silk, Jr.* | Richard S. MacMillan (0003109) |
| James P. Silk, Jr. (0062463) | MACMILLAN, SOBANSKI & TODD |
| SPENGLER NATHANSON P.L.L. | One Maritime Plaza, 5th Floor |
| Four SeaGate, Suite 400 | 720 Water Street |
| Toledo, Ohio  43604-2622 | Toledo, Ohio  43604 |
| Telephone:  (419) 241-2201 | Telephone:  (419) 255-5900 |
| Facsimile:  (419) 241-8599 | Facsimile:  (419) 255-9639 |
| jsilk@snlaw.com | tucker@mstfirm.com |
| | macmillan@mstfirm.com |
| *Counsel for Plaintiff/Counterclaim-Defendant* | *Counsel for Defendant/Counterclaim-Plaintiff* |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:15-cv-01045-JZ |
| v. ) | |
| ) | |
| J&M MFG. CO., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I certify that I have received and carefully read the Stipulated Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, Northern District of Ohio, for any proceedings involving the enforcement of that Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____, _____.

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address